Hejmphilu, Ch. J.
Various grounds have been assigned for error, but, as there is no objection to the amount of the judgment, the only question which I shall examine is whether, on the facts stated, there was any legal ground for the grant of the writ of prohibition.
This writ issues from a superior court, and is directed to tlie judge and parties in any suit in an inferior tribunal, commanding them to cease from tlie prosecution thereof, upon a suggestion that either tlie cause originally or some collateral matter arising therein does uot belong to that jurisdiction, but to the cognizance of some other court. (Black., vol.'S, pp; 112, 113.) This, in substance, is tlie definition of the writ. Its purpose is to restrain tlie encroachment of the jurisdiction of inferior courts, and it is extended to a great variety of cases, having a more or less intimate relation with its general object.
Is there anything in tlie facts of this case which would bring the proceeding of the defendant before tlie magistrate within the scope of tlie writ? There has been no pretense that the defendant’s claim was not within tlie jurisdiction of tlie justice of the peace. It does not even appear, by any evidence in the canse, that the plaintiff was tlie owner of the notes against, the defendant at the time the latter brought his suit before the magistrate. Tlie plaintiff does not positively allege such to bo the fact, though his and the defendant’s allegations, 'when considered together, are contradictory in that particular; *93 but the iacfc, either way, is not established by proof. The presumptions, to say the least, are as much against’as in favor of the plaintiff. I have alluded to this fact, as it appears to have been much controverted; but the truth either way is not very important, when considered exclusively with reference to its operation in favor of or against the grant of the writ.
The application <jf the plaintiff is"based upon the supposed injustice which would bo inflicted upon him by the defendant’s proceeding before the magistrate. It is true that the plaintiff might suffer some inconvenience — he might, for instance, be subjected to the payment of some costs — a misfortune from which he would be relieved, if the defendant were restricted in the assertion of his claim, exclusively to his remedy by set-off in this suit; as, by this mode, tlic entire charges and costs of the litigation would be thrown upon the defendant. 'But this is no sufficient reason to restrain a court from the exercise of its powers in a case unquestionably within its jurisdiction.
We liave been referred to no law or principle which deprives defendants of the right to assert them claims by cross action against plaintiffs. They may set up their claims by way of reduction, set-off, reconvention, or answer in the nature of a cross petition. But this is tlieir privilege, and not an imperativo duty. (2 Campb. R., 504; 3 Black. Com., 305, in note.) It might be very inconvenient, perhaps impossible, for a defendant to have iiis set-off at the trial of the plaintiff’s claim; and until prepared he would be under no compulsion to piu it into litigation. But, although such is the rule in favor of defendants, yet there are modes by which a plaintiff may be protected from the vexatious prosecution of cross action by a defendant, for which see the authorities. (3 Black., 305, in note; 1 Campb. R., 252.) Under our system of procedure, which abhors a multiplicity of suits, and favors the adjustment of all matters of litigation between parties in one controversy, this would be peculiarly the case. This principle has its peculiar force and operation on matters which are properly or exclusively cognizable in the jurisdiction in which the suit is instituted. Ordinarily it would not include claims peculiarly cognizable in a different jurisdiction. But even in cases of this character there may be circumstances of such vexation and oppression as to justify a superior court in restraining the proceeding of an inferior tribunal; as, for instance, when a defendant who has beeu sued, and whose entire claim is over one hundred dollars, should, instead of availing himself of it as a set-off, attempt to divide it into small sums and bring separate suits thereon before a magistrate, a case would then be presented in which the prohibitory writ might properly issue. (Toml. Die. — PROHIBITION.)
But there are no such circumstances in this case — of merit in the plaintiff or of vexation in the defendant — as to authorize the grant of the writ; and it is therefore adjudged and decreed that the writ of prohibition be quashed; and it is further ordained, adjudged, and decreed that the judgment of the District Court, in other respects, be affirmed, and that defendant in error pay the costs of this court.
Ordered accordingly.