Wheeler, J.
The application for a new trial was manifestly insufficient. It ought, to have been accompanied by the affidavits of the witnesses by whom the party proposed to prove the facts alleged as the ground of his application. (Cotton v. The State, 4 Tex. R., 260.) It is evident, moreover, from the statement of facts, that the new trial was asked to obtain merely cumulative evidence.
The ground mainlv relied on for a reversal of the judgment, and the only *135 one which requires particular notice, is the overruling of the motion to set aside the verdict and dismiss the case for the want of sufficiency in the petition for a certiorari.
In the case, of O’Brien v. Dunn, it was said that the motion to dismiss ought to I»e made- at the return term of the certiorari. (5 Tex. R., 570.) We entertain no doubt of the correctness of the rule of practice there stated.
But it is insisted that the judgment ought to be arrested for the want of sufficiency in the petition, and we refer to our opinion imtlie case of Orton v. Engledow. (9 Tex. R.) That, however, was not the cake of a petition tor certio-rari. The suit was brought originally in the District] Court. The petition in that ease must contain the cause of action and mint furnish the basis of the adjudication. And if no valid cause of action be set) forth, no judgment for the plaint iff can be rendered upon it. But the office of the petition for a certio-rari is not to set out the cause of action, but to remove the ease to the District Court for a new trial upon the cause of action sued on before the justice. Its averments are not in question on the trial of the case in the District Court; nor arc. they the basis of the judgment there rendered. If a good cause of action is uo't presented in the suit instituted before the justice, the judgment for that cause may be arrested, even after verdict in the District Court, but not for want of sufficiency in the petition for certiorari.
We are of opinion that there is no error in the judgment, and that it be affirmed.
Judgment affirmed.
Note 47. — Ables v. Pearle, post 285; Jordan v. Slaughter, post 318; Holt v. MeCarky, 14 T., 229; Gabel v. Houston, 29 T., 335.