GEORGE W. CAMBPELL v. THE STATE.

The 6th division, article 672, of the Code of Criminal Procedure, reads as follows: "Where new testimony material to the defendant has been discovered since the trial, a motion for a new trial based on this ground shall be governed by the same rules as those which regulate civil suits." (Paschal's Dig., Art. 3137, Note 762.) The motion should always be supported by the affidavits of the persons by whom the party expects to prove the facts alleged; or, if the affidavits have not been obtained, the failure must be satisfactorily accounted for. The court will then consider the question of diligence, and whether the evidence will probably change the result.

APPEAL from Grimes.

Nothing has been furnished to the *Reporter* but the brief for the State and the opinion.   As the brief gives no fact or view not given in the opinion it is not published.

*George Flournoy*, for the State.

BELL, J.—There is no error in the judgment of the court below.   The Code of Criminal Procedure, Art. 672, 6th subdivision, provides that a motion for a new trial, on the ground that new testimony material to the defendant has been discovered since the trial, shall be governed by the same rules as those which regulate civil suits.

The motion for a new trial, on the ground of newly-discovered evidence, ought always to be supported by the affidavit of the party who makes it, and also by the affidavits of the persons by whom the party expects to prove the facts alleged, as the ground of the application; or, if the affidavits of the persons by whom the party expects to make the proof proposed have not been obtained, the failure to obtain them must be satisfactorily accounted for. Where a motion of the kind under consideration has been thus properly presented, it is for the court to consider whether there has been any want of diligence in obtaining the proposed evidence, and whether it would probably change the result upon a new trial.   (Cotton v. The State, 4 Tex., 260; Watts v. Johnson *et al.*, 4 Tex., 311; Steinlein v. Dial, 10 Tex., 268; Scranton v. Tilley, 10 Tex., 183.)

The application for a new trial in the present case was entirely without merit.

The judgment of the court below is

AFFIRMED.