Adopted February 24, 1891.

---

### Tom J. Russell v. W. H. Nall.

#### No. 3025.

1. **Newly Discovered Testimony—New Trial.**—A motion for new trial based upon newly discovered testimony is defective when it is not stated from whom the information was obtained as to the desired testimony, nor accompanied by the affidavit of such witness furnished, nor good reason for its absence shown.

2. **Law Partners.**—In a suit by one member of a firm of lawyers after dissolution of the partnership against the other for half of partnership fees collected by the defendant, it was not error in the charge that an issue made in the defense as to the comparative value of the services of the individuals composing the firm was not submitted. Such additional charge, if applicable to the facts, should have been requested by the defendant.

3. **Charge upon Issue in Evidence.** —A party is not required to plead his evidence, and when an issue arises under the evidence properly admitted under the pleadings it is proper that such issue be submitted in the charge. See example.

4. **Charge Appropriate to the Facts.**—There being no controversy to the alleged payment by defendant and the receipt by the plaintiff of a named sum of money upon the fee in a named case, and the contention being whether such payment was in full discharge of plaintiff's claim to such fee, the language used in the charge in regard to the manner in which the payment was made can be no ground of complaint, the real issue being properly submitted.

5. **Remittitur in Vacation.**—Article 1353, Revised Statutes, prescribes that any party may make a remitter as well in vacation as in term time. Such release shall form part of the record. Such action will meet to the extent released any complaint that the judgment is excessive.

6. **Charge Upon Excluded Testimony.**—Hearsay testimony, after it was given, on objection was by the court excluded from the jury. It is not incumbent upon the trial judge to notify the jury in his charge to disregard such excluded testimony unless requested to do so by the objecting party.

APPEAL from Jefferson. Tried below before Hon. A. C. Bullitt, Special District Judge.

The opinion gives a statement.

*Tom J. Russell,* for appellant.— 1. The newly discovered testimony was material to the issues in the case as made by the defendant's pleadings and would sustain the same, and the same was not discovered till after the trial began before the jury, and would in all probability have produced a different result. Traylor v. Townsend, 61 Texas, 144; Wolf v. Mahan, 61 Texas, 488; Kilgore v. Jordan, 17 Texas, 341; Burnley v. Rice, 21 Texas, 171; Madden v. Shapard, 3 Texas, 49.

The applicant has a meritorious cause of action. Land v. Miller, 7 Texas, 463; Foster v. Martin, 20 Texas, 118; Cochran v. Middleton, 13 Texas, 275; Hatchett v. Conner, 30 Texas, 104.

The affidavit of the newly discovered witness could not be obtained on account of his absence. Steinlein v. Dial, 10 Texas, 268; Glasscock v. Manor, 4 Texas, 7.

The purport of the new evidence is stated. Hagerty v. Scott, 10 Texas, 525; Burnley v. Rice, 21 Texas, 171.

2. It is the duty of the court to charge the jury on all of the several pleas made by either party to the suit, where a distinct issue of fact material to the cause is made and there is any evidence offered and given to the jury to sustain the said issue. Smithwick v. Andrews, 24 Texas, 488; Ford v. McBryde, 45 Texas, 499; Stell v. Paschal, 41 Texas, 641; Murchison v. Warren, 50 Texas, 27.

3. The charge should be confined to the issues made by the pleadings and the evidence in the case. Cannon v. Cannon, 66 Texas, 682; Mitchell v. Zimmerman, 4 Texas, 75; Norvell v. Oury, 13 Texas, 31; Loving v. Dixon, 56 Texas, 75; Love v. Wyatt, 19 Texas, 312.

The charge must conform to the evidence as well as to the pleadings. Hampton v. Dean, 4 Texas, 455; 66 Texas, 282.

*Greer & Greer* and *Douglass & Lanier,* for appellee.— 1. The motion for a new trial was insufficient, in that it does not appear therefrom who informed appellant what William Cruse stated he would swear to, the affidavit of such informant is not presented nor any reason given why it was not filed, and the testimony sought is only cumulative and intended for the sole purpose of impeaching plaintiff, Nall; and the motion is further insufficient, because it does not appear therefrom when said statements were made to said witness. Scranton v. Tilley, 16 Texas, 183; Madden v. Shapard, 3 Texas, 49; Ables v. Donley, 8 Texas, 331; Steinlein v. Dial, 10 Texas, 268.

2. The evidence did not authorize or require a charge on the value of plaintiff's or defendant's services in the Broussard case. Plaintiff under the proof was either a partner in the contingent fee earned in that case

or else was employed by Russell at $100.     *Quantum meruit* has no application to the facts.

3.    The court correctly informed the jury of the material issues in the case, and the slight discrepancy, if any, in the statement did no injury to appellant, and the entire charge presented fully the law of the case. Hardy v. De Leon, 5 Texas, 211; Railway v. Hardy, 61 Texas, 230; Robinson v. Varnell, 16 Texas, 382; Thompson v. Payne, 21 Texas, 621; Rost v. Railway, 76 Texas, 168.

4.    In order to withdraw testimony from the consideration of the jury it is not necessary that the court do it in writing when there is no request to do so nor any bill of exception taken.

HOBBY, Presiding Judge.—This suit is one brought by the plaintiff, W. H. Nall, against the defendant, Tom J. Russell, for the settlement of partnership accounts and to recover about $1186.75, which it was alleged the defendant had collected in fees during the existence of the partnership formed between the parties to practice law, and had not accounted for to plaintiff.

The defendant answered by a general denial and lengthy special pleas, which will be briefly noted in the opinion.

A trial resulted in a verdict for plaintiff for the sum of $1191.25, which was reduced to $1186.25 by a remittitur.    The judgment for this sum was again reduced to $1136.25 by a remittitur entered in vacation.

The defendant appeals, and the first error assigned has reference to the judgment of the court overruling the motion for new trial, which motion, among other things, sought a new trial on the ground of newly discovered evidence.

The motion for a new trial predicated upon the alleged newly discovered evidence was properly overruled, and the assignment of error complaining of the court's action in this respect is not well taken.    The motion on the ground indicated is fatally defective in many features which repeated decisions have held to be essential to authorize a new trial.

It may be conceded that the testimony sought to be procured or the newly discovered evidence is true, and still it would not necessarily be inconsistent with the plaintiff's testimony, nor would it follow that if adduced on another trial it would operate to produce a different result.    The newly discovered evidence is that the witness Cruse would swear that the plaintiff, Nall, stated that the defendant, Russell, paid or offered to pay him only $100 for his services in the case of Broussard against the railway company.

The object of this was to show that Nall was not entitled to receive one-half of the fee realized by Russell in that case (a much larger sum), because it was not a case embraced within the contract of partnership between Russell and Nall to practice law, but was governed by a special agree-

ment made before such contract.   The plaintiff, Nall, testified that prior to such contract the understanding between the parties was that he should receive only such fee, but that this was abrogated or superseded by said contract subsequently made.   So the alleged declaration of Nall may have been made, as it does not appear to the contrary, before the contract of partnership, and if so it is obviously not inconsistent with his testimony on the trial.

It is unnecessary to dwell further upon this point, as the motion is defective under the authorities cited in support of the assignment.   Under the most favorable view of it for appellant, the evidence would only contradict that of Nall.   It is not shown who was the credible person informing appellant.   No affidavit of the witness is attached, nor is any sufficient reason shown why the evidence could not have been discovered at first.

The second assignment is that the court erred in not instructing the jury as to the comparative amount and value of the services of the plaintiff, Nall, and the defendant, Russell, in the case of Broussard against the railway company.   Several pages of the defendant's answer consisted of an elaborate plea setting forth in detail much of the evidence as to the relative value of the services rendered in the case mentioned as compared with those performed by the plaintiff.   These services, it was claimed by defendant, performed by him stood to those of Nall in the ratio of "thirty to one;" and it was alleged that the fee of $100 paid plaintiff was adequate compensation in the case mentioned.

The error complained of is that the court did not submit this view of the case to the jury.   The position assumed under this assignment would doubtless be correct if the suit by the plaintiff had been for the recovery of a sum upon a *quantum meruit*.   But such is not the case before us.   The cause of action was founded on an alleged partnership contract, by the terms of which plaintiff and defendant, as insisted by the former, were to divide equally the fees in the cases embraced in such contract; and the question is wholly immaterial, as the case is presented, what may have been the value or amount of the services of either partner in any such case.

If the charge had been appropriate, it is to be observed in this connection that no instruction was requested, which should be done if the special plea is not believed by the party to have been fully submitted in the general charge.

It is assigned as error that the court instructed the jury in substance that if the $100 fee was paid Nall by Russell in the Broussard case before the contract of partnership was made, and that that fee was not to constitute a part of the assets of the firm, then the jury would not consider the fee received by Russell in that case.

That portion of the charge referring to the question is that if at the time the partnership was formed it was agreed that the fee Russell was to

receive in the Broussard case was not to enter into and become a part of the assets of said partnership, the jury would not consider said fee received by Russell, etc.

The objection to this, in brief, is that the pleadings do not authorize the submission of this issue.

It was not necessary to allege the evidence in the case. The suit was to recover $1431.75 fees, which it was alleged had been collected by the defendant during the existence of the partnership, and which he had not paid to the plaintiff. This sum was shown by the exhibit to the petition to be the balance due plaintiff, and among the items constituting a part of the exhibit is the fee in the Broussard case, charged against the defendant at $2900 and credited by $100 paid thereon to plaintiff. By a trial amendment the aggregate balance was reduced by a credit to $1191.75 alleged to be due plaintiff.

If any special allegation was necessary to authorize the charge it was sufficiently pleaded as above indicated. But we are unable to see in any aspect of the case how the charge could have injuriously affected the defendant. It appears to us to have rather pointedly called the attention of the jury to the fact that under the circumstances mentioned in the charge the fee received by Russell in the Broussard case was eliminated from the case, and that in arriving at any amount due the plaintiff they would not permit the sum so received to enter into the estimate, and this can not afford ground for complaint from him.

The next assignment is that the court erred in using this language in the charge in referring to the fee of $100: "And you further believe," etc., "that before the partnership was formed," etc., "defendant Russell offered to 'send' Nall, plaintiff, and Nall agreed to accept for his said services in said cause," etc.

The grounds of objection are that the "terms of the contract of partnership are not stated in the charge," and that "the use of the word 'send' confounds and mixes up the point in defendant's plea of payment to Nall of $100 under the special contract as pleaded by defendant as sent to him by draft," etc., and "the jury were misled by the misuse of the word 'send,' to defendant's injury."

A sufficient answer to this assignment is found, we think, in the undisputed fact that the defendant was credited in full with the $100 sent or paid to Nall on the Broussard fee. There is no controversy as to this; both parties testify to it, and the plaintiff in the exhibit referred to credits defendant with this payment. The issue between them was whether it was paid by the defendant and received by the plaintiff as the latter's sole compensation in the Broussard case, or whether it was a mere payment of that much of Nall's one-half interest in the fee received by Russell in that case. In either event the charge could not have injured defendant. He received the benefit of the payment to Nall, and as to

how it was paid, whether as a fee under a special contract or a payment by one partner to another to be credited to the former on final settlement, was a question unaffected by the charge complained of.

The fifth, sixth, seventh, eighth, ninth, and tenth errors assigned relate to the sufficiency of the evidence to support the verdict.

In so far as these assignments indicate that the verdict is in effect excessive under the proof, they are answered by the remittitur entered by plaintiff.

As to the general sufficiency of the testimony to sustain the judgment, a careful examination of the proof shows that the substantial issue in the case is whether the Broussard case was embraced in the contract of partnership between the parties as contended by plaintiff, or was it, as claimed by defendant, governed by a special agreement previously made between them, by the terms of which plaintiff's compensation in the case was limited to a fee of $100. Upon this issue there is a direct conflict in the testimony of the plaintiff and defendant. That of the former, briefly stated, is that in March, 1887, the partnership was formed to practice law in the District Court of Hardin County. By its terms they were to divide all of the fees in the District Court cases, and Justice Court if defendant's services were required in that tribunal. No exception was made of any case. The defendant received in the Broussard case a fee of $2980. One-half of this, $1490, belonged to plaintiff. Of this he received only $100, reducing it to $1390 due him. His testimony shows that he owes the defendant $245, the amount realized in the case of Harris v. Hendrix, which, taken from the $1390, leaves due plaintiff according to his testimony $1145.

The plaintiff testified also that before the formation of the partnership Russell told him that he expected to bring a large damage suit in Hardin County and employed him to assist him for $100, which proposition he accepted.

Before the first trial of the Broussard case the partnership was formed. Plaintiff and defendant discussed "the whole matter over, and we were to divide all fees." After agreeing to the terms of the partnership plaintiff remarked to defendant that each "had a big case on the docket. Russell said if we won the Broussard case we would make more than we can in two years in divorce cases." Plaintiff testified to the discussion with defendant of the disposition he would make of his part of the fee in the Broussard case when he realized it. The $100 mentioned was not paid to plaintiff until after the termination of the Broussard case. Nall testified that he declined to receive it as a fee under a special contract in that case, when the defendant asked him to credit him with it.

The testimony of the defendant was to the effect that the Broussard case was not included within the contract of partnership, but that prior to the formation of the partnership he had made a special contract with

plaintiff to employ him in that case for $100, which was paid as before explained.

The verdict was for the sum of $1191.25.     Before the motion for a new trial was acted on $5 of this amount was remitted by plaintiff and the judgment was rendered for $1186.25.     It further appears that on October 8, 1890, appellee's counsel filed an additional remittitur of $50, reducing the judgment to $1136.85.

The eleventh assignment is that the court erred in not giving a written charge to the jury, instructing the jury to disregard the following hearsay testimony:   The plaintiff testified, in substance, that in the case of Bevil v. Irvin, in Hardin County, the firm's fee was $100.   He received $50; Mr. Russell got $20, and "Mr. Irvin told me he got $30 more."   Defendant objected to this as hearsay, and the court excluded it.

If the defendant was apprehensive of the effect of this statement, notwithstanding its exclusion by the court, he should have requested a special charge.     But we can not see that the verdict is not supported by the testimony or is in any manner affected by this evidence.

The appellant complains that the court gave the special charge asked by the plaintiff, in substance, that if the partnership contract intended to include the Broussard case plaintiff would be entitled to one-half of the fee in that case.     This, we think, submitted the manifestly controverted issue in the case, and the court correctly gave it.

The remaining assignments become unimportant in view of the remittitur of $50 entered by plaintiff, which is expressly authorized by our statute.     Rev. Stats., art. 1353.     This will protect him against so much of the judgment.

We can see no error which we think would justify us in reversing the judgment.

Whatever may be our view of the evidence, the question arising on it is whether this court can say there is not sufficient testimony to support the verdict.     We can not say so, and we think the judgment should be affirmed.

*Affirmed.*

Adopted February 24, 1891.

Motion for rehearing refused.