## REID v. CLARKSON.

(Court of Civil Appeals of Texas. San Antonio. May 24, 1911.)

1. NEW TRIAL (§ 150*)—NEWLY DISCOVERED EVIDENCE—AFFIDAVITS.

New trial asked for newly discovered evidence is properly denied when failure to support the motion by witness' affidavit is not excused, and applicant does not state positively that witness will swear to the facts set out.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 306–310; Dec. Dig. § 150.*]

2. NEW TRIAL (§ 21*)—ABSENCE OF PARTY—INSUFFICIENT SHOWING.

Defendant's absence from the trial is not ground for new trial, where failure to ask for a continuance on that ground is not excused.

[Ed. Note.—For other cases, see New Trial, Dec. Dig. § 21.*]

Appeal from Nueces County Court; Walter F. Timon, Judge.

Action by L. R. Clarkson against F. J. Reid. Judgment for plaintiff, and defendant appeals. Affirmed.

H. R. Sutherland, for appellant.

FLY, J. This is a suit on a contract for the sale of an automobile, in which appellant agreed to pay and did pay $500 on the car and agreed to pay $500 more, but failed and refused to do so, and appellee sought to recover the additional amount and interest and attorney's fees. The jury returned a verdict in favor of appellee for $660, and found that a lien existed on the automobile. Judgment was rendered in accord therewith.

[1] The motion for a new trial on the grounds of newly discovered evidence and the absence of appellant on the day of the trial was properly overruled. The application for new trial is not supported by the affidavit of the witness whose testimony was desired, nor does appellant state positively that the witness would swear to the facts set out by him, and the desired testimony is for purposes of impeachment. No reason is given for a failure to attach the affidavit of the witness to the motion for new trial. Edrington v. Kiger, 4 Tex. 89; Steinlein v. Dial, 10 Tex. 268; Scranton v. Tilley, 16 Tex. 183; Anderson v. Sutherland, 59 Tex. 409; Moores v. Wills, 69 Tex. 109, 5 S. W. 575; Russell v. Nall, 79 Tex. 664, 15 S. W. 635.

[2] The motion for new trial fails to show that counsel for appellant asked for a postponement or continuance of the cause on account of the absence of appellant, and consequently his absence would form no ground for new trial. No excuse was offered in the motion for failure to ask for a continuance of the cause. However, a motion to postpone appears in the record, but it was not supported by an affidavit, and the court did not err in overruling it.

The charge complained of is not errone-ous when read in connection with other portions of the charge. It does not place the burden of proof on appellant in connection with the oral contract. The charge could not have injured appellant, had it been erroneous as all the testimony showed the contract was made.

The judgment is affirmed.