# THE

# SOUTHWESTERN REPORTER

## VOLUME 164

CLAY v. STATE.

(Court of Criminal Appeals of Texas. Feb. 18, 1914.)

1. CRIMINAL LAW (§ 922*)—PRESENTATION BE-LOW—FILING INSTRUCTIONS.

Under Acts 33d Leg. c. 138, amending Rev. St. 1911, art. 743, providing that judgment shall not be reversed, unless the record shows that accused has not had a fair trial, and all objections to the charge shall be made at the time of the trial, objections to a charge must be filed before verdict is rendered, and the charge cannot be objected to thereafter, unless drawn so as to prevent accused from having a fair trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2210–2218; Dec. Dig. § 922.*]

2. INTOXICATING LIQUORS (§ 146*)—OFFENSES.

If accused sold whisky in violation of the prohibition law, and received money for it, he would be guilty irrespective of who owned the whisky.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 159, 160, 163; Dec. Dig. § 146.*]

3. CRIMINAL LAW (§ 1159*)—APPEAL—FINDINGS—CONFLICTING EVIDENCE.

A verdict of conviction for selling in violation of the prohibition law will not be disturbed because of conflict in the evidence, where there was evidence of the purchase of the whisky from accused.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3074–3083; Dec. Dig. § 1159.*]

4. CRIMINAL LAW (§ 958*)—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

Alleged newly discovered evidence is not ground for a new trial, in a criminal case, where it is not supported by the affidavit of the witness, and no reason is given why his affidavit is not attached thereto.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2396–2403; Dec. Dig. § 958.*]

Appeal from San Augustine County Court; H. K. Polk, Judge.

Rich Clay was convicted of selling intoxicants in violation of the prohibition law, and appeals. Affirmed.

Wm. McDonald, of San Augustine, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was prosecuted and convicted of selling whisky in violation of the prohibition law, and his punishment assessed at a fine of $100 and 20 days' imprisonment in the county jail, from which judgment, he prosecutes this appeal.

[1] This case was tried November 18, 1913, and, although he registered no exceptions to the charge as given at the time of the trial, yet, in his motion for a new trial, he seeks to complain of the charge of the court. Since the amendment of article 743 by the Thirty-Third Legislature, the exceptions and objections to a charge as given must be filed at the time of the trial, and before verdict rendered. It is too late to complain of the charge after verdict rendered, unless the charge is so drawn as to prevent appellant from having a fair and impartial trial. Article 743, Acts of 33d Legislature, p. 278.

[2, 3] While the evidence in this case is conflicting, yet Lige Johnson swears he purchased a quart of whisky from appellant, and paid him $1.50 for it, and Fairley Lee swears he saw Johnson get the whisky, but says appellant told him the whisky belonged to Neal Trotti. It would be immaterial to whom the whisky belonged if appellant sold the whisky to Johnson, and received the money for it. Under the evidence we will not disturb the verdict because of the conflict in the testimony.

[4] The alleged newly discovered testimony is not supported by the affidavit of the alleged newly discovered witness, nor is there any reason assigned why his affidavit is not attached. Under such circumstances this presents no ground for a new trial. Love v. State, 3 Tex. App. 501; Cotton v. State, 4 Tex. 260; Campbell v. State, 29 Tex. 490; Evans v. State, 6 Tex. App. 513.

The judgment is affirmed.