## LEYHE v. McNAMARA. (No. 8505.)

(Court of Civil Appeals of Texas. Dallas. March 26, 1921. Rehearing Denied April 30, 1921.)

1. Judgment ⊜⟹217—Judgment in action between partners held a full and final adjudication of all matters involved.

Where plaintiff in petition sought to secure a dissolution of a partnership, which he alleged existed between him and the defendant, and which he charged that defendant had repudiated, and a determination that plaintiff was entitled to one-half of the assets, and, before plaintiff applied for a receiver, defendant demanded a trial of the question of partnership before a jury, a judgment rendered, declaring the existence of a partnership and dissolution of the partnership, and that plaintiff was the owner of an undivided one-half interest, and appointing a receiver to take charge of the property, held a full and final adjudication of all the matters involved in the litigation.

2. Appeal and error ⊜⟹930(3)—Presumed that issues not submitted were found in support of judgment.

A cause having been submitted on special issues, it will be presumed on appeal that every issue of fact necessary to support the judgment and not submitted or requested to be submitted was found by the trial court, where such finding is supported by the evidence.

3. Appeal and error ⊜⟹548(2)—That judgment was not supported by evidence not considered in absence of statement of facts.

Where there is no statement of facts in the record, appellant is in no position to say that the judgment was not supported by the evidence.

4. Partnership ⊜⟹325(2)—On dissolution, court might appoint receiver to sell property and divide proceeds.

A court in dissolving a partnership, and fixing the rights of the parties in the partnership property, had the right to appoint a receiver to carry out the judgment by a sale of the property and division of the proceeds.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by James McNamara against W. A. Leyhe. Judgment for plaintiff; and defendant appeals. Affirmed.

Short & Feild, of Dallas, for appellant. Cockrell, Gray, McBride & O'Donnell, of Dallas, for appellee.

TALBOT, J. This action was brought by the plaintiff to recover a half interest in all the assets of the partnership alleged to have existed between the plaintiff and defendant, and for a partition thereof.

The plaintiff charges in his petition that about the 1st of September, 1915, he entered into a copartnership with the defendant un-

der the name and style of Leyhe Piano Company; that they had accumulated assets, consisting of pianos, phonographs and miscellaneous musical instruments, and of notes secured by mortgages pledged with piano dealers and factories, and of money on hand, furniture, and fixtures, aggregating $20,000; that on the 11th day of February, 1918, defendant repudiated the partnership, and denied that plaintiff had any interest in the assets, and that he feared the defendant was converting a considerable portion thereof to his own use by delivering them to his wife; that the defendant is insolvent, and he fears will continue to place his assets in the name and under the control of his wife. He prayed that he be awarded a half interest in the assets of said partnership, and that they be sold for the purpose of partition, and that a receiver be appointed pending this action to take charge of and preserve said assets; that the receiver be authorized to collect the debts due the firm and manage and conserve all said assets pending suit, with the authority to employ counsel for the purpose of instituting suits if necessary, and to take possession of all the partnership property whereever situated, and to manage, control, and dispose of the same under the order and direction of the court, so that in the final hearing the interest may be partitioned and divided and said partnership dissolved, and that defendant may be required to make an accounting of said partnership, and for general relief.

On the 25th day of March, 1918, defendant filed his answer to the plaintiff's petition, asking for a receiver, in which he denied under oath the existence of any partnership with the plaintiff, and he averred that he had been engaged in the piano business in the city of Dallas from the 1st day of September, 1915, under the trade-name and style of Leyhe Piano Company; that he alone is the owner of all the property used in said business and conducted in said name; that neither the plaintiff nor any other person has any interest in his stock in trade, notes, and accounts or any other property used in said business, and conducted in said name; that the plaintiff had been in the employment of the defendant at a stipulated salary, but that he is not now and never was a partner of defendant; that the plaintiff is insolvent and unable to respond to the defendant in any action for damages which might accrue to him in case a receiver for his business is appointed, and defendant deprived of the possession of his property and interrupted by such appointment. He demanded a trial of the question of partnership before a jury, and for that purpose he paid the jury fee. He offered to execute a bond payable as the court should direct, conditioned to pay the plaintiff any sum found to be due him upon an adjustment of all partnership accounts in case it should be determined that any such relation ever existed between him and the plaintiff.

On the 16th day of March, 1918, the plaintiff filed a motion to require the defendant to file an inventory and appraisement of the partnership property and for an order restraining the defendant during the pendency of the suit from making any disposition of the assets of the partnership. The defendant filed his answer thereto, denying the existence of any partnership, and that he is in possession of any property belonging to said partnership. He alleges that he is entitled to file his answer in this case on the 2d day of April, 1917, and is not aware of any right that the plaintiff has to compel an answer of any character before the time allowed by law; that if the filing of an inventory becomes necessary, and the court directs the same to be filed, he will comply with its orders; that until an obligation rests upon him to file such pleading or statement he will decline to oblige the plaintiff by doing so; that if he is in possession of any facts which the plaintiff has any inclination to investigate the statute affords him every facility for doing so by taking his deposition; that he has no property of any character except his individual property, in which the plaintiff has no interest or concern, and denies the right of the plaintiff to have any exhibit of his property.

No action was taken upon the plaintiff's application for the appointment of a receiver until the 31st day of March, 1920, when this cause was regularly reached for trial, and both parties announced ready. The case was submitted to a jury upon three special issues; and in determining those issues the jury found that a partnership did exist between the plaintiff and defendant from the 1st day of September, 1915, to the 10th day of February, 1918; that on the 10th day of February, 1918, plaintiff was excluded from active participation in the business of the Leyhe Piano Company by defendant; that the agreement between the parties under which business was conducted was not committed to writing by W. A. Rhea, attorney.

Judgment was rendered upon the findings of the jury, declaring the existence of a partnership between the plaintiff and defendant under the name of the Leyhe Piano Company. A dissolution of said partnership was decreed. It was adjudged that plaintiff is the owner of an undivided one-half interest in all the moneys and assets of the Leyhe Piano Company, and that plaintiff should have a full accounting of the business and affairs of said partnership. Harry Farracy was appointed receiver, and was authorized by the judgment to take charge of all moneys, bills, notes, accounts receivable, and

other property of the Leyhe Piano Company, and sell all of the same for cash for the best prices obtainable, and to take charge of all books of account kept by the plaintiff or defendant, or any one employed by them to investigate and determine the accounts between the plaintiff and defendant, and determine the amount that each is entitled to as equal owners from the profits 'realized from the business conducted by the partnership, and to file with the court an inventory of all property taken charge of by him as such receiver, and a full and complete report of all sales made by him, and receipts therefrom, and of the amounts due and owing by said partnership, and to said partnership; that said receiver should act under the directions of the court, and such orders as might from time to time be made by the court. The bond of the receiver is fixed at $1,000. The defendant is adjudged to pay all the costs, and execution is awarded to the officers of the court for the costs incurred by each respectively. The defendant made a motion for a new trial, which was overruled, and he perfected an appeal to this court.

The first assignment of error is as follows:

"Said cause came on for trial upon all the issues presented by the pleadings in the case and not upon the issue of partnership alone, as declared by the court in its judgment."

The proposition contended for is:

"Parties to any litigation are entitled to a single trial of all the issues made by the pleadings, and one final judgment should be rendered from which an appeal may be taken."

[1-3] We are of the opinion the judgment of the court was a full and final adjudication of all the matters involved in this litigation. The suit was not to recover a money judgment. The object of the suit was to secure a dissolution of the partnership which the plaintiff alleged existed between him and the defendant, and which he charged the defendant had repudiated, and a determination that the plaintiff was entitled to one-half of the assets. We agree with the appellee that, appellant having requested the court to submit the issue of the existence of partnership to the jury before the appointment of a receiver, and the jury, in response to issues submitted, having found that the partnership as alleged by appellee did exist, and that the appellee was ousted and excluded from a participation in the business by the appellant, it followed as a matter of law that appellee was the owner of a one-half interest in and to all of the partnership property and assets and was entitled to a dissolution of the partnership. Such was the effect of the judgment entered, and the court was authorized to provide in said judgment for the carrying out of the same by a sale and distribution of the partnership assets.

Whether or not the appellant was indebted to the appellee was not a controlling or important issue in the case. But if it was, the cause having been submitted on special issues, it will be presumed on appeal that every issue of fact necessary to support the judgment and not submitted or requested to be submitted was found by the trial court where such finding is supported by the evidence. There is no statement of facts in the record, and appellant is in no position to say that the judgment was not supported by the evidence. So well established are the propositions just stated that it becomes unnecessary to cite authorities in support of them. The case is not, in our opinion, ruled by the decision in Clark v. Gallaher, 3 Tex. Civ. App. 541, 22 S. W. 1047. In that case, it was sought, not only to dissolve the partnership, but to recover a profit of $400, alleged to be due and $75 as attorney's fees incurred in bringing the suit. The only issue submitted to the jury by the charge of the court was that of partnership vel non upon which the jury returned the following verdict: "We, the jury, find a verdict for the plaintiff,"—whereupon the court adjudged that the plaintiff recover of the defendant the sum of $475, awarding execution and appointing a receiver to sell the goods in controversy, and apply the proceeds of sale, as far as necessary, to the satisfaction of the judgment. ' The court held, in effect, that since the right of the plaintiff to recover the sum of $475 alleged to be due him was a controverted issue, and there was no finding by the jury of that issue, there was no support for the judgment, and, of course, reversed the case. The facts here, as is apparent, are very dissimilar, and hence the decision mentioned is not applicable.

Appellant's third, fifth, and seventh assignments of error are grouped, and under them he advances the following proposition:

"To constitute a cause of action which would entitle the plaintiff to a recovery against the defendant, a statement of the partnership account should have been alleged in his petition, and the condition thereof proven in evidence, showing his right to recover against the defendant. Without such allegation and proof no issue could have been submitted to the jury authorizing a recovery, and no judgment rendered which would determine the matters in controversy between the plaintiff and defendant."

If it be admitted that the proposition embodies correct abstract principles of law, it cannot be sustained in this case. Upon motion of the appellee the appellant was required to, and did, file an inventory of the alleged partnership property and a statement of the liabilities of the partnership. Appellant claims that the property described in this inventory was his property, and besides

that the inventory was not offered in evidence. In the absence of a statement of facts, we must assume that every fact necessary to support the judgment of the court was established by the evidence, and we would not be authorized to reverse the judgment upon the assertion in appellant's brief to the effect that the property described in the inventory in question was not partnership property of the appellant and appellee, and that if it was the inventory was not introduced in evidence. That the appellee did not undertake to allege or accompany his petition with a partnership account is not, under the circumstances of the case, of any serious consequence.

[4] Clearly, the court in dissolving the partnership and fixing the rights of the parties in the partnership property, had the right to appoint a receiver to carry out the judgment by a sale of the property and a division of the proceeds. Jones v. Myer Bros. Drug Co., 25 Tex. Civ. App. 234, 61 S. W. 553; Holder v. Shelby et al., 118 S. W. 590; Malone v. Johnson, 45 Tex. Civ. App. 604, 101 S. W. 503; Rische v. Rische, 46 Tex. Civ. App. 23, 101 S. W. 849. In Holder v. Shelby et al., supra, the facts showed a conflict of interest in the property and the exclusion of a partner from participation in the partnership business, and the court said:

"As each member of a partnership has the right to share in the management of the firm's affairs and to participate in the profits, a material violation of this right is a sufficient breach of the partnership contract to warrant a decree dissolving the firm and the appointment of a receiver."

Believing no reversible error is shown, the judgment of the trial court is affirmed.