LEYHE v. McNAMARA. (No. 317–3655.)

(Commission of Appeals of Texas, Section B. Oct. 4, 1922.)

**1. Appeal and error ⊙⟾76(1)—"Final decree" defined.**

A decree is final so as to support an appeal when it refuses or grants the redress sought, while an interlocutory decree may so closely approach or approximate the final determination that the line of discrimination becomes too faint to be readily perceived.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

**2. Appeal and error ⊙⟾71(4)—Decree ordering dissolution of partnership and appointing a receiver is not final.**

In an action for partnership dissolution, a decree that the partnership in fact exists, and appointing a receiver to take charge of the dissolution, is not a final decree, since it contemplates that summary matters will come before it for hearing and later a final accounting of the receiver.

**3. Partnership ⊙⟾340—In suit for dissolution all assets must be converted to cash and divided.**

In an action for partnership dissolution and accounting, the entire property of the firm is to be converted into cash, unless the partners by an honest and lawful agreement assent to a distribution of the assets in specie.

**4. Appeal and error ⊙⟾80(6)—Judgment in action between partners held not full and final adjudication of all matters involved.**

Where plaintiff sought to secure dissolution of a partnership, which he charged defendant had repudiated, and an adjudication that plaintiff was entitled to one-half of the assets, and defendant demanded a trial by jury on the question of the partnership, which trial resulted in a judgment declaring the existence of the partnership, and declaring plaintiff the owner of an undivided one-half interest in the assets and appointing a receiver, such judgment was not a full and final adjudication of all the matters involved in the litigation.

**5. Appeal and error ⊙⟾71(4)—Appeal lies from interlocutory order appointing receiver and from final order on receiver's report.**

In an action for partnership dissolution, a right of appeal will lie to the Court of Civil Appeals, whose decision is final, from an interlocutory order of the district court, appointing a receiver and ordering a dissolution, by virtue of Rev. St. 1911, arts. 1591, 2079, and another right of appeal exists for all purposes from the final order granted after the receiver's report and final distribution has been ordered.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by James C. McNamara against W. A. Leyhe. From a judgment of the Court of Civil Appeals (230 S. W. 450), affirming an interlocutory decree of the trial court, defendant brings error. Writ of error dismissed.

Short & Field, of Dallas, for plaintiff in error.

Cockrell, Gray, McBride & O'Donnell, of Dallas, for defendant in error.

HAMILTON, J. We quote from the statement of the case made by the Court of Civil Appeals as follows:

"This action was brought by the plaintiff to recover a half interest in all the assets of the partnership alleged to have existed between the plaintiff and defendant, and for a partition thereof.

"The plaintiff charges in his petition that about the 1st of September, 1915, he entered into a copartnership with the defendant under the name and style of Leyhe Piano Company; that they had accumulated assets, consisting of pianos, phonographs, and miscellaneous musical instruments, and of notes secured by mortgages pledged with piano dealers and factories, and of money on hand, furniture, and fixtures, aggregating $20,000; that on the 11th day of February, 1918, defendant repudiated the partnership, and denied that plaintiff had any interest in the assets, and that he feared the defendant was converting a considerable portion thereof to his own use by delivering them to his wife; that the defendant is insolvent, and he fears will continue to place his assets in the name and under the control of his wife. He prayed that he be awarded a half interest in the assets of said partnership, and that they be sold for the purpose of partition, and that a receiver be appointed pending this action to take charge of and preserve said assets; that the receiver be authorized to collect the debts due the firm and manage and conserve all said assets pending suit, with the authority to employ counsel for the purpose of instituting suits if necessary, and to take possession of all the partnership property wherever situated, and to manage, control, and dispose of the same under the order and direction of the court, so that in the final hearing the interest may be partitioned and divided and said partnership dissolved, and that defendant may be required to make an accounting of said partnership, and for general relief.

"On the 25th day of March, 1918, defendant filed his answer to the plaintiff's petition, asking for a receiver, in which he denied under oath the existence of any partnership with the plaintiff, and he averred that he had been engaged in the piano business in the city of Dallas from the 1st day of September, 1915, under the trade-name and style of Leyhe Piano Company; that he alone is the owner of all the property used in said business and conducted in said name; that neither the plaintiff nor any other person has any interest in his stock in trade, notes, and accounts or any other property used in said business and conducted in said name; that the plaintiff had been in the employment of the defendant at a stipulated salary, but that he is not now and never was a partner of defendant; that the plaintiff is insolvent and unable to respond to the defendant in any action for damages which might accrue to him in case a receiver for his business is appointed, and defendant deprived of the possession of his property and interrupted by such appointment. He demanded a trial of the question of partnership before a jury, and for that purpose he paid the jury fee. He offered to execute a bond payable as the court should direct, conditioned to pay the plaintiff any sum found to be due him upon an adjustment of all partnership accounts in case it should be determined that any such relation ever existed between him and the plaintiff.

"On the 16th day of March, 1918, the plaintiff filed a motion to require the defendant to file an inventory and appraisement of the partnership property and for an order restraining the defendant during the pendency of the suit from making any disposition of the assets of the partnership. The defendant filed his answer thereto, denying the existence of any partnership and that he is in possession of any property belonging to said partnership. He alleges that he is entitled to file his answer in this case on the 2d day of April, 1917, and is not aware of any right that the plaintiff has to compel an answer of any character before the time allowed by law; that if the filing of an inventory becomes necessary, and the court directs the same to be filed, he will comply with its orders; that until an obligation rests upon him to file such pleading or statement he will decline to oblige the plaintiff by doing so; that if he is in possession of any facts which the plaintiff has any inclination to investigate the statute affords him every facility for doing so by taking his deposition; that he has no property of any character except his individual property, in which the plaintiff has no interest or concern, and denies the right of the plaintiff to have any exhibit of his property.

"No action was taken upon the plaintiff's application for the appointment of a receiver until the 31st day of March, 1920, when this cause was regularly reached for trial, and both parties announced ready. The case was submitted to a jury upon three special issues; and in determining those issues the jury found that a partnership did exist between the plaintiff and defendant from the 1st day of September, 1915, to the 10th day of February, 1918; that on the 10th day of February, 1918, plaintiff was excluded from active participation in the business of the Leyhe Piano Company by defendant; that the agreement between the parties under which business was conducted was not committed to writing."

The case was submitted to the jury on special issues which, with the jury's answers thereto, were as follows:

"Special issue No. 1: Were the plaintiff and the defendant engaged in a partnership as equal partners in the conduct of the business of Leyhe Piano Company in the city of Dallas, from the 1st day of September, 1915, to the 10th day of February, 1918? Answer Yes or No. Answer: Yes.

"Special issue No. 2: If you have answered the next preceding special issue in the affirmative, then you will answer this issue, otherwise you will not answer it: Was the plaintiff excluded from active participation in the business of the Leyhe Piano Company by the defendant on or about February 10, 1918? Answer Yes or No. Answer: Yes.

"Special issue No. 1: Was the agreement and understanding under which the parties to this action were associated in business in the year 1915 committed to writing by W. A. Rhea, attorney, and was said contract signed by each of said parties? Answer: No."

Upon the answers to these issues, shown above, the court entered judgment as follows:

"It is therefore ordered, adjudged, and decreed by the court that the existence of a

partnership between the plaintiff, James C. McNamara, and defendant, W. A. Leyhe, under the firm name ·of Leyhe Piano Company, in the conduct of the business of said company, be and it is hereby established and declared.

"It is further ordered, adjudged, and decreed by the court that the partnership so existing between the plaintiff and defendant since the 1st day of September, 1915, be and it is hereby dissolved.

"It is further ordered, adjudged, and decreed by the court that the plaintiff is the owner of an undivided one-half interest in and to all of the moneys and assets of Leyhe Piano Company, and that the plaintiff shall as against the defendant have a full accounting of the business and affairs of said partnership.

"It is further ordered, adjudged, and decreed by the court that Harry Farracy, a bona fide resident and qualified voter of the state of Texas, be and he is hereby appointed receiver of the property and estate of said partnership, and that he be and is authorized, ordered, and directed by the court to take charge and possession of all moneys, bills, and notes, accounts receivable, and assets of Leyhe Piano Company, and sell all of same for cash for the best price obtainable therefor, and take charge of all books of account kept by plaintiff, or defendant, or any one employed by them, or either of them, or acting under their direction, or the direction of either of them, to investigate and determine the accounts between the plaintiff and defendant, and determine the amount that each is entitled to as equal owners from the profits realized from the business conducted by said partnership, and to file with this court an inventory of all property taken charge of by him as such receiver, and a full and complete report of all sales made by him, and receipts therefrom, and of the amounts due and owing by said partnership and to said partnership.

"It is further ordered, adjudged, and decreed by the court that the said receiver shall act in all such matters under the direction of the court and under such orders as may from time to time by the court be made.

"It is further ordered that before the said Harry Farracy shall enter upon his duties as receiver, he shall execute a good and sufficient bond as provided by law, and conditioned as provided by law, in the sum of $1,000.

"It is further ordered, adjudged, and decreed by the court that the plaintiff do have and recover of and from the defendant all costs in this behalf incurred, to which action of the court defendant then and there in open court excepted.

"It is further ordered that the officers of the court have judgment against each party hereto respectively for all costs by each incurred. For which let execution issue. Volume 44, page 180, Minutes Forty-Fourth Judicial District Court of Dallas County, Texas."

Defendant appealed, and the Court of Civil Appeals affirmed the case, holding that the judgment of the trial court was a full and final adjudication of all matters involved in the litigation. 230 S. W. 450.

[1] A decree is final when it either refuses or grants the redress sought by the complaining party. Since the plaintiff is ordinarily the party who seeks relief, the refusal of the court to allow it is usually accomplished by sustaining a demurrer to the petition and, upon failure satisfactorily to amend, by dismissing the suit. That, in the absence of appeal, terminates the cause and puts the parties out of court. The case is also terminated by the granting of the whole relief contemplated by the court. In that instance there can be no summary manner in which it is to be accomplished, and we must look to the nature of the relief granted, in order to ascertain whether it is the final action of the court. Herein lies the difficulty which sometimes occurs in determining whether a judgment is final or merely an interlocutory decree. An interlocutory decree may be merely preparatory to a decision upon the merits; or it may go further, and, deciding the principles as then presented by the record, institute proceedings for the purpose of enabling the court thereafter to apply those principles to the details of the subject; or it may approach still more nearly to the nature of a final judgment, by granting relief in part, and suspending the action of the court as to the residue for further investigation, or by directing measures for entire relief to a certain extent, with a view to perfecting them thereafter, upon the supposition of contingencies or emergencies which cannot be well provided for by anticipation. And so; by various gradations, the interlocutory decree may be made to approximate the final determination, until the line of discrimination becomes so faint as not to be readily perceived. Therefore it becomes necessary to resort to some criterion by which the distinction between the two kinds of decrees may be presented.

"Where the further action of the court in the cause is necessary to give completely the relief contemplated by the court, there the decree upon which the question arises is to be regarded not as final, but interlocutory." Cocke's Adm'r v. Gilpin, 1 Rob. (Va.) 20.

The words "action of the court *in* the cause" are used "to distinguish it from that action of the court which is common to both final and interlocutory decrees, to wit, those measures which are necessary for the execution of a decree that has been pronounced, and which are properly to be regarded as adopted, not in, but beyond the cause, and as founded on the decree itself or mandate of the court, without respect to the relief to which the party was previously entitled upon the merits of his case." 1 Rob. (Va.) 20, supra.

"A decree can never be final until the party in whose favor it is can obtain some benefit therefrom without again setting the cause down for further hearing before the court, upon the equity reserved upon the coming in and confirmation of the report of the master, to whom a reference has been made to ascertain facts which are absolutely necessary to be determined before the case can be finally disposed of by the court, or which the chancellor thinks proper to have ascertained before he grants

any relief. But if the questions which can arise on the exceptions to the master's report are such as are merely incidental to the carrying of the decree into effect, it is final. Citing Johnson v. Everett, 9 Paige, 638; Freeman on Judgments, § 30." Linn v. Arambould, 55 Tex. 611.

[2] Viewing the judgment entered by the trial court in this case in the light of the foregoing principles, we are unable to agree with the Court of Civil Appeals that it is a full and final adjudication of all matters involved in the case. That portion of the judgment decreeing and establishing the existence of a partnership between the plaintiff and defendant under the firm name of Leyhe Piano Company, and decreeing that the plaintiff is the owner of an undivided one-half interest in and to all of the moneys and assets of the Leyhe Piano Company merely fixes the abstract fractional interest of plaintiff in whatever property might be found belonging to the Leyhe Piano Company. The means of determining that property is provided by that portion of the decree ordering "a full accounting of the business and affairs of said partnership," and appointing a receiver. All of this was merely deciding principles as then presented by the record and instituting proceedings for the purpose of enabling the court thereafter to apply those principles to the details of the subject.

[3, 4] In an action for partnership dissolution and accounting, the entire property of the firm is to be converted into cash, unless the partners, by an honest and lawful agreement, assent to a distribution of the assets in specie. 30 Cyc. 744, and authorities there cited. The court ordered the conversion of all the property of the Leyhe Piano Company into cash. This the receiver must do. He must also collect all debts due the firm and pay all debts due thereby, under the direction of the court. The receiver's report should include findings upon all questions submitted by the court; and the most important of these ordinarily are those relating to the amount of firm assets, to the claims against the firm, and to the share of each partner in any surplus.

Plaintiff's petition alleges that he "fears that defendant is converting considerable of the assets to his own use." It cannot be left to the receiver to decide such matters finally. The decree that plaintiff is the owner of a one-half interest in and to all the moneys and assets of the Leyhe Piano Company does not carry with it the legal right, without further possible action by the court, to one-half, no more and no less, of the proceeds from the sale of the property. He may be entitled to more. He may be entitled to less. If de-

fendant had converted some of the assets of the company to his own use and benefit, plaintiff would be entitled to more than one-half, and this could not be adjusted in any other way than by a final judgment entered after a full and final accounting and report of the receiver. His report is open to objection by either party, and the parties may not arbitrarily be deprived of this right, nor can the court delegate the final decision of such questions to the receiver. In an accounting and distribution between partners consequent upon dissolution by the court, final adjustment of all controverted questions before the court and a final distribution of all firm effects should be provided in the final decree. 30 Cyc. 747, and authorities there cited.

[5] We think further action of the court in the cause is necessary to give completely the relief contemplated by the court, and hold that the judgment is not final in the case. The judgment was never finished. The portion adjudicating the partnership relations and appointing a receiver is a part of the final judgment which has not yet been completed, and cannot be completed until an accounting is had and the report of the receiver is made, objections to it, if any, offered and determined, and it is finally approved. When these things shall have been done and a final judgment entered by the trial court, an appeal therefrom for all purposes will lie.

Since the decree of the trial court was a proper one, and since the Court of Civil Appeals affirmed it, and since the case is pending in the trial court on the issues as pleaded, merely awaiting further proceedings under the order of the trial court as set out in its decree, we regard the language of the Court of Civil Appeals' opinion, "We are of the opinion the judgment of the court was a full and final adjudication of all the matters involved in this litigation," as surplusage.

An appeal always lies from an interlocutory order of the district court appointing a receiver or trustee in any cause, provided such appeal be taken within twenty days from the entry of such order, article 2079, Revised Civil Statutes 1911, and the judgment of the Court of Civil Appeals is final in appeals from such orders, article 1591, Revised Civil Statutes 1911. The appeal, as presented by this record, is merely from an interlocutory order appointing a receiver, and since the judgment of the Court of Civil Appeals, in appeals from such orders, is final, we recommend that the writ of error be dismissed for want of jurisdiction in the Supreme Court to hear the case.

CURETON, C. J. Writ of error dismissed for want of jurisdiction, as recommended by the Commission of Appeals.