Kenneth W. **THELANDER**, Relator,

v.

The Honorable Louis **MOORE**,
Respondent.

No. C14–84–506–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 20, 1984.

Paul S. Francis, Schleider & Francis, Houston, for relator.

Grant Cook, Reynolds, Allen, Cook, Pannill & Hopper, Houston, for respondent.

Before JUNELL and SEARS, JJ., and T. GILBERT SHARPE, Retired Justice.

## OPINION

JUNELL, Justice.

Kenneth W. Thelander, relator, seeks a writ of mandamus ordering the Honorable Louis Moore, respondent, to hold a jury trial on the validity of a promissory note and relator's liability on the note. The note arose out of real estate business dealings relator had with William N. Carl, Jr. The business relationship turned sour. A law suit arose and it is our job now to decide if the judge left undecided an issue properly raised. We decline to issue a mandamus.

Carl initiated a suit against Thelander to recover monies allegedly due Carl and his closely held corporation, Lucar, Inc. Thelander filed a counterclaim against Lucar and Carl alleging a partnership between Carl and Thelander and praying for dissolution of the partnership and an accounting. After an October 1983 trial a jury found that a partnership did exist and that certain properties and accounts were partnership assets, including a project known as Courtland Homes townhomes. In an interlocutory judgment dated December 9, 1983, the court identified the assets of the partnership, pronounced the partnership dissolved and ordered both Thelander and Carl to prepare an accounting.

Proposed accountings were presented to the court in January 1984. Carl's proposed accounting included as a liability of the partnership a note made by Courtland Homes, Inc., payable to Carl, individually. The principal amount of the note is $486,-000. Courtland Homes, Inc., was the corporate entity used by the partnership in the development of Courtland Homes townhomes. Carl was president of the corporation and signed the note on its behalf. Relator disputes the validity of the note.

In a supplemental order dated February 3, 1984, the court identified the "Courtyard Homes townhomes project" found by the jury to be partnership asset, as certain real property and the liabilities, if any, of Courtland Homes, Inc., attendant thereto. In June 1984 the court conducted a trial on matters left unresolved in negotiations between the parties concerning the accounting. This trial was apparently by agreement of the parties but no agreement is in the record before us. In connection with the trial, Thelander filed a Second Trial Amendment and Third Supplemental Petition to Second Amended Original Counterclaim. The amended counterclaim pleads several alternative theories as to why the note is not a partnership obligation and makes demand for a jury trial on the validity of the note. The judge denied Thelander's motion for a jury trial and eventually signed the "Final Judgment" before us now.

Thelander argues that the court's judgment is not final because the court did not hold a jury trial on the validity of the note and because the judgment contains the following language:

> That the rendition and entry of this Final Judgment and decree of accounting, settlement, termination of the partnership's affairs, distribution of its assets, and payment of its liabilities is made without prejudice to the rights of either partner to hereafter assert in another proceeding any claims between them arising out of the business of their partnership.

Respondent replies that the judgment is final, disposed of all issues and should be challenged through appeal, not mandamus. We agree with respondent.

■ To be final, a judgment must determine the rights of the parties and dispose of all issues involved so that no future action by the court will be required to settle and determine the entire controversy. *Perkins v. Springstun,* 557 S.W.2d 343 (Tex.Civ.App.—Austin 1977, writ ref'd n.r.e.).

■ From the record before us it appears that the court has disposed of all issues before it. It has declared that a partnership did exist, dissolved the partnership and issued a decree of accounting, settlement, termination of the partnership's affairs, and distribution of its assets and payment of its liabilities. The language in the judgment stating that it is without prejudice does not prevent the judgment from being a final judgment.

■ Relator contends that the court never decided the validity of the note as raised by his trial amendment counterclaim, nor heard evidence on the matter. We find that when the court included the note as a liability of the partnership in the accounting, it decided the issues raised by relator. Whether the evidence at the June 1984 trial supported the finding that the note was a partnership liability cannot be determined without consulting a complete record on appeal. The judgment states that the court heard evidence on some, but not all matters on which the parties disagreed. Again, an appellate record will reveal which matters were heard by the court and whether those matters were decided correctly.

Relator's contention that he was entitled to a jury trial on the validity of the note and his alleged liability on the note may have merit. There are several Texas cases in which actions for an accounting were decided by jury even when the services of an auditor are used to present a proposed accounting to the court. *See Russell v. Nall*, 79 Tex. 664, 15 S.W. 635 (1891); *Hengy v. Hengy*, 151 S.W. 1127 (Tex.Civ.App.—San Antonio 1912, no writ); *Herring v. Herring*, 51 S.W. 865 (Tex.Civ.App.1899, writ ref'd). In another case a trial court committed reversible error when it submitted to the jury only the issue of whether the partnership existed but not the issue of what amount was due the parties on final settlement of the partnership. *Clark v. Gallaher*, 3 Tex.Civ.App. 541, 22 S.W. 1047 (1893, no writ).

Again, relator should present this argument at appeal, not in a mandamus action.

An appeal is also the proper forum for deciding whether relator timely requested trial by jury on the issues concerning the note.

We hold the judgment complained of is a final, appealable judgment and deny the application for writ of mandamus.

SEARS, Justice, concurring.

I agree that the Petition for Writ of Mandamus must be denied. However, I do not agree that the remedy is by appellate review.

The majority opinion concludes that the court entered a final judgment and found the promissory note was a liability of the partnership. Further, they found that the record on appeal could be reviewed to determine if the evidence supported the finding of partnership liability. However, the issue Relator wants determined by a jury is his liability on the partnership note based on his allegations of fraud and self-dealing. There is no evidence that the court made any findings as to Relator's liability on the note or Carl's fraud and/or self-dealing. The court specifically carved this cause of action out of final judgment and reserved Relator's right to pursue this cause of action on a separate trial, i.e. "... payment of its [partnership] liabilities is made without prejudice to the rights of either party to hereafter assert, in another proceeding, any claims between them arising out of the business of their partnership."

The theory that Relator can bring a separate suit for his liability on partnership debts is based on the reasoning that this type of a cause of action does not arise until *after* the accounting is completed. *Mitchell Resort Enterprises v. C & S Builders, Inc.*, 570 S.W.2d 463 (Tex.Civ. App.—Eastland 1978, writ ref'd n.r.e.).

The judgment of the trial court was not final as to Relator's liability on the note because the court specifically carved that cause of action out of its final judgment. The remedy, therefore, is a separate lawsuit, not appeal of an issue that remained undecided by the court.