## BAILEY v. SHAW.
### No. 7447.

Court of Civil Appeals of Texas. Austin.
March 19, 1930.

Rehearing Denied April 16, 1930.

Anderson & Jones, of San Angelo, for plaintiff in error.

J. A. Thomas, Louis D. Gayer, and Lloyd Kerr, all of San Angelo, for defendant in error.

BAUGH, J.

Appeal is by writ of error from the judgment of the district court of Tom Green county. W. H. Shaw, plaintiff below, alleged the existence from about September, 1927, of a partnership between him and defendant, Scott Bailey, in a house moving business in San Angelo, Tex., and in a traction steam engine, cables, blocks, tracks, roller trucks, hammers, and other equipment used by them in the conduct of such business. He alleged a partnership in property used in conducting said business and in the proceeds derived from its operation; that the defendant, Bailey, had converted the property and the proceeds; had refused to account to him therefor; that he was wasting, destroying, removing, and injuring said property, etc. He prayed for an injunction restraining said Bailey from further disposing of said property pending hearing; for appointment of a receiver with powers to protect and operate said business; for dissolution of the partnership; for an accounting to him by Bailey; and upon final hearing for judgment for one-half of the value of said property; and for one-half of the proceeds derived by Bailey from the operation of said business.

Bailey answered by general and special exceptions and general and special denials and pleaded a cross-action, alleging a conversion by Shaw of certain properties in which he claimed an interest.

The trial was to a jury on two special issues only. The jury found: First, that Shaw and Bailey entered into an agreement September, 1927, to engage in the general house moving business as partners; and, second, that they were to have an equal interest in such business as partners. No other issues were submitted or requested. The court, after reciting jurisdictional matters, the special issues submitted to the jury, and their answers thereto, entered the following judgment: "Wherefore it is accordingly considered, ordered, adjudged and decreed by the court that the defendant, Scott Bailey do account to plaintiff W. H. Shaw for an equal interest in all proceeds of said partnership from the beginning thereof to the institution of this suit, and that said plaintiff do have and recover, of and from said defendant an equal one-half interest in and to said proceeds, or if such property cannot be found then its value, together with all his costs in this behalf expended, for which let execution issue to all which action ruling and judgment of the court, the defendant then and there in open court excepted."

In our opinion, the judgment above set out shows upon its face that it is not a final judgment from which an appeal will lie. It is obvious that it does not dispose of all the issues made by the pleadings, and does not grant any final relief to either party. It is now well settled that in the absence of a statute authorizing an appeal otherwise, an appeal will lie only from a final judgment. That the above is not a final judgment is, we think, definitely and conclusively settled by the case of Leyhe v. McNamara, 243 S. W. 1074, wherein the Commission of Appeals held that a judgment merely establishing the existence of a partnership, ordering an accounting, and appointing a receiver is not a final judgment, because it merely decides principles upon which the rights of the parties may be determined in some further or subsequent proceeding. Not being a final judgment upon which an appeal will lie, this court has no jurisdiction other than to dismiss the appeal. See 3 Texas Jurisprudence, § 53, p. 105 et seq., and § 59, p. 123.

Appeal dismissed.