**STERETT v. DYER.**

No. 12105.

Court of Civil Appeals of Texas.
San Antonio.
June 21, 1950.

Rehearing Denied July 19, 1950.

Tarlton & Hale, Boone, Davis & Cox, Allen V. Davis, all of Corpus Christi, for appellant.

Phillips, Horton & Williamson, Fischer, Wood, Burney & Glass, all of Corpus Christi, for appellee.

BROETER, Justice.

G. C. Dyer, the appellee, sued W. G. Sterett, the appellant on an oral contract. Appellee alleged appellant had employed him as a salesman in a supply business being conducted by appellant and as a consideration for his services had agreed to pay him one-half the profits of the business. Defendant moved the court for a separate trial on the issue or issues as to whether plaintiff was entitled to share in the profits, on the one hand, and a separate trial on plaintiff's prayer for an accounting, on the other hand. The motion was granted and a separate trial had before the jury on the issues as to the right of plaintiff to share in the profits. Upon the answers to the special issues submitted the court entered a judgment and defendant appealed. Our appellate jurisdiction is involved and it arises as a result of the judgment entered, and the question is whether the judgment appealed from is a final judgment from which an appeal will lie. Further facts that may be necessary for a full understanding of the question may be ascertained from this opinion and the material parts of the judgment which we will quote herein.

We are of the opinion that this Court is without jurisdiction and that the appeal should be dismissed.

. The trial of the issues began on June 13, 1949, and the judgment recites "That heretofore on the 21st day of February, 1949, this Court did order a separate trial of the issues as to whether the plaintiff is entitled to share in the profits of defendant's business, and as to the period or periods during which plaintiff was entitled to share in the profits, if any, and as to the manner in which such profits should be determined, and as to plaintiff's right to an accounting, and as to issues reasonably incidental thereto, which such issues should first be tried and finally determined, after which a sep-

arate trial should be had for the purpose of determining the amount of money, if any, to which plaintiff is entitled; and, in accordance with such order this cause came on for trial on said separate issues, and thereupon came G. C. Dyer, plaintiff, in person and by attorneys, and also came W. G. Sterett, defendant, in person and by attorneys, and all parties announced ready for trial. Thereupon came a jury of twelve good and lawful men, to-wit: J. Pat Fenley, and eleven others, who on the 15th day of June, 1949, returned a verdict in favor of plaintiff as follows:"

Here follows copy of the four special issues submitted, whereby the jury found: 1st, that the parties had entered into the agreement by which they were to split the profits; 2nd, that Dyer had performed his obligations under the agreement; 3rd, that $222.00 paid plaintiff by defendant on December, 1945, was not accepted in full payment of all sums due him by defendant to that date; and 4th, that $1,000.00 paid plaintiff by defendant in December, 1946, was not accepted in full payment of all sums due him by defendant to that date. And the judgment thereupon recites:

"Which verdict was received by the Court, and filed by the Clerk.

"It is accordingly Ordered, Adjudged and Decreed by the Court that plaintiff, G. C. Dyer, have judgment against defendant, W. G. Sterett, that plaintiff is entitled to share in the profits of the business involved, and that plaintiff is entitled to share in such profits for the period commencing March 1, 1945, and continuing to the 1st day of August, 1947, and that plaintiff is entitled to share in the net profits equally with defendant for such period, and that plaintiff is entitled to an accounting showing the amount of one-half of the net profits during said period, and it appears to the Court, and it is Ordered, Adjudged and Decreed by the Court that the issues submitted in the first and separate trial are resolved in favor of plaintiff, and that the matter of accounting and a separate trial thereon shall be tried when said cause is regularly reached for trial; to which judgment on such separate trial as to said issues the defendant did except and give notice of appeal to the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas, sitting at San Antonio, Texas."

It is apparent from the record in this case that the trial court was acting under authority of sub-division (b) of Rule 174 of our Texas Rules of Civil Procedure when he granted defendant's motion for and conducted the trial in which the above judgment was entered. Such sub-division (b) of the rule is authorized as stated therein in furtherance of convenience or to avoid prejudice. It is, we believe, only a rule of procedure, and does not by its terms, or by necessary implication, affect the appellate jurisdiction of the higher courts. We do not believe that by adoption of this rule it was intended an appeal would lie from the separate trial of claims or issues as authorized by it unless same resulted in a final judgment. The rule does not by use of any language mention or refer to appeal from the judgment or order made in such hearings or trials. We must conclude therefore that such rule does not confer the right of appeal from such judgments or orders, unless they are final or unless such right exists under our established laws. To hold otherwise would subject the appellate jurisdiction of our courts to innumerable appeals from trials of issues thus separated for and on the basis of convenience in the trial court, which would be determined alone by the trial courts.

In 3A Tex.Jur. p. 111, § 82, it is said: "A judgment is not final and appealable where further proceedings and action of the court are necessary to complete relief. Under this rule, no appeal lies from a judgment establishing the existence of a partnership, ordering an accounting and appointing a receiver, or a judgment merely determining that the contract pleaded is valid and binding and leaving the rights of the parties thereunder undisposed of."

Bailey v. Shaw, Tex.Civ.App., 26 S.W.2d 669, in which a writ of error was refused by our Supreme Court, is a case very similar to the instant case, and it is there said: "It is now well settled that in the absence of a statute authorizing an appeal otherwise, an appeal will lie only from a final judgment." and it is further said:

"* * * a judgment merely establishing the existence of a partnership, ordering an accounting, and appointing a receiver is not a final judgment, because it merely decides principles upon which the rights of the parties may be determined in some further or subsequent proceeding." citing Leyhe v. McNamara, Tex.Com.App., 243 S.W. 1074, by the Commission of Appeals.

The judgment in the instant case shows on its face that it is not a final judgment. It indicates another trial or hearing will be had to determine the amount of the debt on an accounting; it does not give any present definite relief; it does not provide for the recovery of any definite certain amount; it does not provide for issuance of any execution or other orders generally required in final judgments. There is no need to further differentiate between it and what the law requires to constitute a final judgment from which an appeal will lie. The pleadings, the motion, the order of the court and the judgment itself show that another hearing was contemplated on "the matter of accounting and a separate trial thereon shall be tried when said cause is regularly reached for trial." The judgment was only interlocutory.

We have read and considered the briefs presented to us on the question of the jurisdiction of this Court. All of the decisions and authorities cited therein have been considered. We believe the facts in the cases and authorities cited by appellant in support of this Court's jurisdiction are different than those in the case before us. In Hargrove v. Insurance Investment Corporation, 142 Tex. 111, 176 S.W.2d 744, the judgment recited that defendant was indebted to plaintiff in an additional sum of $15,885.60 but same should not be collected until final disposition of another pending lawsuit. The Supreme Court held the judgment made final disposition of the issues made by the pleadings and all matters in controversy, and the judgment was final even though collection of one-half thereof was deferred until disposition of another pending suit.

In Meridith v. Massie, Tex.Civ.App., 173 S.W.2d 799, the issue of limitation was tried first and determined the suit. Judgment was entered for appellees. The judgment finally disposed of the suit. There was no issue on the finality of the judgment. The court in its opinion said such separate trials should be encouraged.

The instant suit is not comparable to a suit for the partition of land wherein an appeal is allowed from the preliminary decree because by the entry of such decree the parties named are declared to be the owners of a definite described tract of land and the parties are declared to own the same in undivided shares or interests and thus to the extent adjudged and decreed the judgment is final from which an appeal will lie.

The appeal is dismissed.