Lillian Annelle FERGUSON, Appellant,

v.

L. A. FERGUSON et al., Appellees.

No. 16005.

Court of Civil Appeals of Texas.

Fort Worth.

July 10, 1959.

Rehearing Denied Sept. 18, 1959.

Jennings & Montgomery and Frank Jennings, Graham, for appellant.

John W. Moore, Jacksboro, for appellees.

MASSEY, Chief Justice.

The question to be resolved by the suit below has in our opinion been misinterpreted by all parties. Essentially we believe that it involves a division of community property, as upon divorce. It is directed by Vernon's Ann.Texas St., Art. 4638, that upon decreeing a divorce the parties' community property is to be divided "in such a way as the court shall deem just and right."

Appellant and her former husband, L. A. Ferguson, were divorced pursuant to a decree on July 24, 1958, and most of the community property was then divided under the aforesaid provision. However, it was discovered as of that time that there was a material question concerning a portion of the community property. Said portion was involved in a transaction, continuing in nature, dating from the early part of 1958. As to such portion L. L. Ferguson, a son of the appellee, L. A. Ferguson, held or claimed an interest. In view thereof the matter was severed from the issues settled in the divorce action, and the case by which it was to be resolved docketed and tried under a different number and style and with L. L. Ferguson made a party.

In said case, as so severed, appellant was plaintiff and L. A. Ferguson and his son were defendants. The prayer for relief was for an accounting, primarily upon the theory that the profits from a cattle trading business begun under the name of L. L. Ferguson in early 1958, while the parties to the divorce were separated, were actually accumulated by L. A. Ferguson operating in his son's name; further, that a purported oral conveyance of the business' assets (burdened by the liabilities) from the aforesaid husband to his son, on March 5, 1958, was spurious and fraudulent and should be set aside and held of no effect.

By answers of the jury returned in a trial on the merits, it was settled that the aforesaid transaction on March 5, 1958, was not in fraud of the appellant. Therefore, when this fact is taken into consideration together with the undisputed evidence, the date upon which the community property belonging to the then husband and wife

was to be calculated was settled upon as March 5, 1958. By the transaction on said date the interest of L. A. Ferguson in the profits, if any, from the business theretofore transacted by him in the name of his son, was transferred to the latter. As a matter of law, interest of the appellant in said profits, if any, was transferred to the said L. L. Ferguson subject to his obligation to account to her therefor, and, in the event L. A. Ferguson did not "make good" the value thereof to her under the primary liability (as in property division upon divorce), he would be secondarily liable to appellant. Of course, the interest of the appellant in the profits, if any, as of March 5, 1958, was to be determined by the court in the exercise of the discretion vested therein under the provisions of Art. 4638. It is to be observed from the order of the court, entered on October 25, 1958, in form similar to that of final judgments, that the court made division whereby appellant was granted entitlement to one-half the value of said property, calculable as of March 5, 1958.

The decree reads as follows: "It is accordingly ordered, adjudged and decreed by the court * * * that the defendants, L. A. Ferguson and L. L. Ferguson, furnish to plaintiff an accounting of the profits of the trading of any cattle and livestock, if any, between January 21st and March 5, 1958, and to further account to the plaintiff the profits, if any, on the 47 head of steers on hand and in possession of these defendants on March 5, 1958, and to pay plaintiff one-half of the net profits from the purchase and sale of said livestock."

Though the form of the order directs that the accounting be made to appellant (plaintiff below) it should be construed as though it was ordered made to the court.

It appears that the main issues of the suit were tentatively settled by the preliminary order. Thereby was settled the date appellant's interest in the community property was determinable, and her interest was fixed at 50%. It is clear from the record that the property on hand as of March 5, 1958, has changed in form and character and is not capable of partition in kind. It has already so changed that it would be determinable only in the form of money. It is settled that appellant is entitled to an accounting, not encompassing any time beyond and after March 5, 1958, but beginning January 21, 1958, and ending on said date. In the accounting the money figures will be readily ascertainable, and there is a necessity to establish the value of the cattle as of the last day of said period as part and parcel of the accounting. Of the ultimate figure settled upon, L. A. Ferguson would be obligated to pay and deliver to appellant one-half. Eliminating the question of any issue between the appellees, L. L. Ferguson would be likewise liable to appellant under trust principles.

What has not been settled is such ultimate figure, by use of which the appellant's one-half may be calculated. She has won her case to the extent of the period aforesaid and has been decreed an accounting as prayed for. The accounting has not been rendered nor final judgment entered, and we are of the opinion that jurisdiction still pends in the trial court and that this court does not have jurisdiction of an appeal. In a suit for an accounting the general rule requires that the complainant's right thereto must be first determined, and if found to be a matter to which there is an entitlement reference for an account should be ordered. 1 Am.Jur., p. 306, "Accounts and Accounting", sec. 61, "Hearing and Reference". Of course it would have been better if the entire matter was in condition to be considered and settled in one hearing and this is usually the case in trials in Texas, but was not in this instance.

It is stated in 30A Am.Jur., p. 241, "Judgments" at sec. 122, "Effect of Necessity of Further Action by Court", that "The general rule is that in the case of a final judgment there is no further question or

direction for future determination by the court, so that it is unnecessary to bring the cause again before the court for further decision. An interlocutory judgment, on the other hand, leaves for future determination an equity of the case, or some material question connected with it. Accordingly, where further action of the court is necessary to give a complete adjudication upon the merits, the judgment under which the further question arises is to be regarded, not as final, but as interlocutory, * * *." See also 25 Tex.Jur., p. 368, "Judgments", sec. 6, "As Affected by Necessity for Further Proceedings".

■ The accounting which the appellees, L. A. Ferguson and L. L. Ferguson, have been ordered to render might be promptly forthcoming and confirmable. Of course such might not be confirmed and the court might conclude from attack made thereupon to order an accounting as by a master in chancery before there is any final approval of the accounting decreed. In any event the entire case below will not be resolved until there is a final judgment, including the orders requisite upon accounting. Until resolved by a final judgment, no case reaches the stage where an appeal is proper. See generally 36 Tex.Jur., p. 681 et seq., "References to Auditors and Masters".

■ Being of the opinion that jurisdiction still pends in the trial court, we are powerless to review the action taken below. The only proper order to be entered, therefore, is that which dismisses the purported appeal. 3A Tex.Jur., p. 83, "Appeal and Error", sec. 63, "Generally".

The appeal is dismissed.

### On Motion for Rehearing

The appellant insists that this Court erred in dismissing her appeal. Premise for her contentions is asserted to be in the Rules of Civil Procedure and cases under the Rules and antecedent statutes on partition of personal property.

Of course, it would be true that if this case should properly be considered to be a case within the Rules regarding partition, and the decree entered in the trial court to be the determination of the share or interest of joint owners or claimants to the property, etc., disposing of that part of the controversy in a partition case, it would constitute a final and appealable judgment. Marmion v. Wells, Tex.Civ.App., San Antonio 1952, 246 S.W.2d 704, error refused. Such would be the case because of the applicability of Rules authorizing an appeal, absent which no appeal would lie because under general rules such decree would not amount to a final and appealable judgment. Bailey v. Shaw, Tex.Civ.App., Austin 1930, 26 S.W.2d 669, error refused.

From a careful examination of the judgment in the divorce case of appellant and L. A. Ferguson (incorporating the order granting a severance therefrom on the issues later separately tried in the proceedings giving rise to this appeal) and the pleadings of the appellant upon the trial of the issues so severed and tried after entry of the decree of divorce, we believe the situation here is semi-analogous to the situation confronting the court in the case of Sterett v. Dyer, Tex.Civ.App., San Antonio 1950, 230 S.W.2d 461, error refused. In that case, a plaintiff obtained a separate trial on the issues relating to the merits of whether he was entitled to share in the profits of the defendant's business transactions, the period within which he should have such entitlement, the percentage of his share, etc., from any trial of the issues to determine the amount of money, if any, to which he was entitled. It was the holding of the court that the defendant could not appeal from the judgment rendered against him in favor of the plaintiff because same was not final and appealable, and that no appeal would lie until there had been another trial or hearing to determine the amount of the debt on an accounting.

The motion for rehearing is overruled.