Lillian Annelle FERGUSON, Appellant,

v.

L. A. FERGUSON et al., Appellees.

No. 16005.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 2, 1960.

Rehearing Denied Dec. 30, 1960.

Jennings & Montgomery, and Frank Jennings, Graham, for appellant.

John W. Moore, Jacksboro, for appellees.

MASSEY, Chief Justice.

On a former occasion we dismissed the appeal in this case on the theory that jurisdiction still pended in the trial court and that no final judgment should be considered to have been entered until after the ac-

counting ordered as part of the judgment of the trial court had been rendered and the orders requisite upon such occurrence entered below. See Ferguson v. Ferguson, Tex.Civ.App.1959, 327 S.W.2d 787. Our Supreme Court, stating that the case is by them viewed as one not only as an action between *husband* and *wife* for division of community property, but also as a suit against a third party for title to and partitioning of certain assets, distinguishable in circumstances from those in Sterett v. Dyer, Tex.Civ.App. San Antonio 1950, 230 S.W.2d 461, error refused, held that the judgment below was final and appealable in that it concluded the whole proceedings and nothing remained but to execute said judgment according to its terms. See Ferguson v. Ferguson, Tex.1960, 338 S.W.2d 945.

The cause was remanded to this court for decision upon the merits of the appeal taken to us.

Reversed and remanded.

Appellant and her former husband, L. A. Ferguson, were divorced pursuant to a decree on July 24, 1958, and most of the community property was then divided. However, it was discovered as of that time that there was a material question concerning a portion of the community property. Said portion was involved in a transaction, continuing in nature, dating from the early part of 1958. As to such portion L. L. Ferguson, a son of the appellee, L. A. Ferguson, held or claimed an interest. In view thereof the matter was severed from the issues settled in the divorce action, and the case by which it was to be resolved docketed and tried under a different number and style and with L. L. Ferguson made a party.

In said case, as so severed, appellant was plaintiff and L. A. Ferguson and his son were defendants. The prayer for relief was for an accounting, primarily upon the theory that the profits from a cattle-trading business begun under the name of L. L. Ferguson in early 1958, while the parties to the divorce were separated, were actually accumulated by L. A. Ferguson operating in his son's name; further, that a purported oral conveyance of the business' assets (burdened by the liabilities) from the aforesaid husband to his son, on March 5, 1958, was spurious and fraudulent and should be set aside and held of no effect.

■ By answers of the jury returned in a trial on the merits, it was settled that the aforesaid transaction on March 5, 1958, was not in fraud of the appellant. Therefore, when this fact is taken into consideration together with the undisputed evidence, the date upon which the community property belonging to the then husband and wife was to be calculated was settled upon as March 5, 1958. By the transaction on said date the interest of L. A. Ferguson in the profits, if any, from the business theretofore transacted by him in the name of his son, was transferred to the latter. As a matter of law, interest of the appellant in said profits, if any, was transferred to the said L. L. Ferguson subject to his obligation to account to her therefor, and, in the event L. A. Ferguson did not "make good" the value thereof to her under the primary liability (as in property division upon divorce), he would be secondarily liable to appellant. Of course, the interest of the appellant in the profits as of March 5, 1958, was to be determined by the court in the exercise of the discretion vested therein under the provisions of Art. 4638. It is to be observed from the order of the court, entered October 25, 1958, in form similar to that of final judgments, that the court made division whereby appellant was granted entitlement to one-half the value of said property, calculable as of March 5, 1958.

The decree reads as follows: "It Is Accordingly Ordered, Adjudged and Decreed by the court * * * that the defendants, L. A. Ferguson and L. L. Ferguson, furnish to plaintiff an accounting of the profits of the trading of any cattle and livestock, if any, between January 21st and March 5, 1958, and to further account to the plaintiff the profits, if any, on the 47 head of steers on hand and in possession of these defend-

ants on March 5, 1958, and to pay plaintiff one-half of the net profits from the purchase and sale of said livestock."

Although in somewhat nebulous form, the judgment may be considered to be both *in rem* and *in personam* as against each of the defendants. As a judgment *in rem*, the judgment purported to reach into the property, as same consisted in profits and in cattle which were on hand on March 5, 1958, and in profits, if any to be derived from the sale of the cattle then on hand. As a judgment *in personam*, it lies against L. A. Ferguson, her former husband, up to date of March 5, 1958. Also, as a judgment *in personam*, it is against L. L. Ferguson as applied to profits realized or to be realized from the sale of 47 head of steers in which she held an undivided one-half interest as of March 5, 1958.

The distinction to be made as between appellant's several judgments *in personam* may or may not be of importance. If her judgment *in rem* is possible to be satisfied and her undivided one-half interest in the money to which the property was contemplated to be converted is reduced to possession, both defendants' liability will stand discharged. If not so discharged, the determination of the respective personal liability of the several defendants may be important.

Under the state of the record, we are of the opinion that appellant's rights under her judgment *in rem* cannot be reduced to execution because too indefinite and indeterminate. We are also of the opinion that her several judgments *in personam* are too indefinite to enable issuance or enforcement of writs of execution. Furthermore, her judgment against L. L. Ferguson does not afford her the complete relief as against him to which she is entitled in view of the fact that the "profits", as of March 5, 1958, from the livestock-trading business of L. A. Ferguson and L. L. Ferguson, were delivered wholly into the hands of the latter without regard to her undoubted one-half interest therein, and without provision for accountability therefor.

The judgment, as same pertains to the interest of the parties on and prior to March 5, 1958, settles the interest in the community property, consideration given to profits and losses, if any (although agreed to be profits), belonging to L. A. Ferguson and appellant, formerly his wife. Whether the amount and value thereof was determinable is not clear. It was not determined. The judgment furnishes no means by which it may be determined.

The judgment, as same pertains to the parties on and after March 5, 1958, settles the interest in the property then on hand as between appellant and L. L. Ferguson. The interest belonging to L. A. Ferguson, as of that time, was transferred to L. L. Ferguson by way of gift. The interest therein of the appellant persisted. Therefore, L. L. Ferguson stood possessed of property on and after said date in which the title stood one-half to himself and one-half to appellant. This was the case by reason of the jury finding that the transaction of March 5, 1958, was not in fraud of the appellant, and hence that the confusion of his cattle with those of the appellant (if such is what the effect of such transaction might be said to have been) was other than culpable. See 12 Tex.Jur.2d, p. 319, "Confusion of Goods", sec. 7, "—Where confusion is result of consent, accident, or mistake", (9 Tex.Jur., p. 375, sec. 6). See also 5 Tex.Jur. Ten Year Supplement, p. 595, "Husband and Wife", sec. 67a, "Mingling of Separate and Community Property."

■ On and after March 5, 1958, the appellant and L. L. Ferguson were tenants in common in the 47 head of steers then on hand as well as in the profits theretofore earned by L. A. Ferguson in the cattle-trading business. As of that date such profits, in indeterminate or undetermined amount, lay within the value of the steers then on hand and would necessarily be the subject of calculation for considerably more money was owed than was represented by cash on hand unless the value of such cattle be taken into consideration. Since both the

cattle on hand and such cash as existed on that date were used and commingled, and apparently money subsequently borrowed by L. L. Ferguson used to purchase cattle which were further commingled with those traded for and acquired by purchase, appellant's full one-half undivided interest in all the property, cattle and/or profits, persisted. See 42 Tex.Jur., p. 635 et seq., "Trusts", subd. III, "Resulting Trusts", secs. 34–44, inclusive. The action for accounting by appellant, considered as an ancillary matter to the issue tried and finally disposed of with regard to culpability, entitles appellant to have a balance struck between herself and L. L. Ferguson so as to award each that portion of the profits to which he is entitled and to charge each that portion of the expenses and burdens each should pay. 15 Tex.Jur.2d, p. 208, "Cotenancy", sec. 40, "Accounting", (11–A Tex. Jur. Revised, p. 543, sec. 45).

The judgment failed to supply appellant with this relief, and thereby was erroneous and defective. It attempted to give to appellant only one-half "the profits, if any, on the 47 head of steers on hand and in possession of these defendants on March 5, 1958". She was entitled to her one-half the profits, awarded to her and assumed to have been hers as a matter of right in that part of the judgment dividing the community property as of March 5, 1958. As stated, these profits were not determined. Furthermore, determinable or not, they were taken into possession by L. L. Ferguson when he took the cattle which were on hand on March 5, 1958. They were used by him to the same extent and in the same manner the cattle were used in carrying forward the entire cattle-trading business operations for the full 1958 season. Therefore, as a matter of law, appellant is entitled to receive her undivided one-half interest in and to the profits from the whole of the cattle-trading operations for the entire 1958 year (or season). Her judgment in accounting should be reformed in the trial court so as to afford her this as against both defendants. Her personal judgment as against L. L. Ferguson should be for or as applied to profits delivered to him by L. A. Ferguson, but belonging to her, and for profits realized as result of the cattle-trading operations subsequent to March 5, 1958. As applied to L. A. Ferguson, however, he is jointly and severally liable to appellant (along with L. L. Ferguson) for the profits accrued to date of March 5, 1958, and delivered by him to one other than the appellant. If possible, these profits should be ascertained by the trial court. In brief, it may be said that the judgment entered fails to conform to the pleadings, case proved thereunder, and verdict of the jury. Relief was not properly afforded thereby to the appellant who prevailed on the trial. To have the judgment reformed and corrected is, therefore, the right of the appellant. See Texas Rules of Civil Procedure, rule 301.

We have examined and tested the points of error which, if sustained, would require the retrial of the entire case, not merely the correction of the judgment as applied to the matter of accounting. These we have concluded should be overruled. Reformation of the judgment as required under rules of law and specified herein may be performed as well by the trial court as this court, and more conveniently in this case.

The judgment, as same applies to the matter of accounting, is remanded to the trial court for reformation and further proceedings consistent with this opinion.