NUMBER
13-00-676-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

THE STATE OF TEXAS,                                                         Appellant,

 

                                                   v.

 

ROBERTO CARLOS VEGA,                                                      Appellee.

___________________________________________________________________

 

                   On
appeal from the County Court at Law No. 3

                                 of Cameron County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                                Opinion
by Justice Rodriguez

 








Appellee, Roberto Carlos Vega, was charged with the misdemeanor
offense of unlawfully carrying a weapon. 
Vega claimed the police unlawfully detained him without reasonable
suspicion.  The trial court granted his
motion to suppress evidence seized from his vehicle.[1]  The State appealed.  By one point of error, the State contends the
trial court erred in granting Vega=s motion to
suppress.  We affirm.

I.  FACTS

On the evening of October 6, 1997, Vega picked up two people
and drove to a shopping center parking lot. 
Detective Lorenzo Hernandez observed Vega driving through the aisles of
the parking lot and then parking. 
Detective Hernandez called in Officer Gerardo Leal, who subsequently
parked behind Vega=s van, blocking
its exit.  Detective Hernandez observed a
passenger exit the van and throw an ink pen cap on the
ground, which later turned out to contain a bag of cocaine.  Detective Hernandez also found a weapon on
the passenger, which prompted Officer Leal to ask Vega to step out of the
van.  Vega was handcuffed and placed in
the police vehicle.  Officer Leal
testified that while Vega was stepping out of the van he noticed a nine
millimeter pistol underneath the driver=s seat in plain
view.  Vega was then arrested and charged
with unlawfully carrying a weapon.  

II. 
STANDARD OF REVIEW








A trial court=s ruling on a
motion to suppress is generally reviewed for abuse of discretion.  See Ford v. State, 26 S.W.2d 669, 672
(Tex. App.BCorpus Christi,
pet ref=d) (citing Oles
v. State, 26 S.W.2d 103, 106 (Tex. Crim. App. 1999)).  In a suppression hearing, the trial judge is
the sole trier of fact and judge of the credibility of the witnesses and the
weight to be given to their testimony.  State v. Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App.
1999).  We afford almost total
deference to a trial court=s
findings of facts that the record supports, especially when the findings
are based on an evaluation of credibility and demeanor.  Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997); Martinez v. State, 29 S.W.3d 609, 611 (Tex. App.BHouston [1st
Dist.] 2000, pet. ref=d).  We review de novo mixed questions of
law and fact not falling within this category. 
Guzman, 955 S.W.2d at 89; Martinez,
29 S.W.3d at 611.  Because the issue in
this case does not involve a disagreement about the facts or credibility of the
witness, but rather whether the officer had either probable cause or a
reasonable suspicion to stop and detain Vega, we review the trial court=s ruling de
novo.  State v.
Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Guzman, 955 S.W.2d
at 89.

III. 
ANALYSIS








By its sole point of error, the State contends the trial court
erred in granting Vega=s motion to
suppress because the evidence was obtained by a lawful, warrantless protective
search incident to a lawful arrest. 
Relying on the standard set forth in Terry v. Ohio, 392 U.S. 1
(1968), the State asserts it was justified in conducting a protective search on
Vega to ensure the police officers= protection
after a weapon was found on one of the passengers.  See id. at
24-27; see also Davis v. State, 947 S.W.2d 240, 242 (Tex. Crim. App.
1997).  However, for a protective search
to be considered reasonable the initial stop or detainment must also be
lawful.  Viveros v. State, 828
S.W.2d 2, 4 (Tex. Crim. App. 1992); Espericueta v. State, 838 S.W.2d
880, 882 (Tex. App.BCorpus Christi 1992, no writ).  Therefore, we must determine whether
Detective Hernandez=s initial
detainment of Vega was justified before a decision can be reached regarding the
reasonableness of Officer Leal=s subsequent
protective search of Vega.  See
Viveros, 828 S.W.2d at 4. 

When a police officer stops a defendant without a warrant and
without the defendant=s consent, the
State has the burden at a suppression hearing of proving the reasonableness of
the stop.  Russell v. State, 717
S.W.2d 7, 9-10 (Tex. Crim. App. 1986); Hernandez v. State, 983 S.W.2d
867, 869 (Tex. App.BAustin 1998, pet. ref=d).  If an actual violation of law is observed,
there is probable cause for the traffic stop, and law enforcement officials are
free to enforce the laws and detain a person for that violation.  McVickers v. State,
874 S.W.2d 662, 664 (Tex. Crim. App. 1993). Furthermore, a police
officer may stop and briefly detain a person for investigative purposes if the
officer has a reasonable suspicion supported by articulable facts that criminal
activity may be afoot, even if the officer lacks evidence rising to the level
of probable cause.  Terry, 392
U.S. at 30; Davis, 947 S.W.2d at 242-43.  The articulable facts must amount to more
than a mere hunch or suspicion.  Davis,
947 S.W.2d at 244 (citing Garza v. State, 771 S.W.2d 549, 558 (Tex.
Crim. App. 1989)).  There must be
reasonable suspicion that something out of the ordinary is occurring and some
indication that the activity is related to crime.  Garza, 771 S.W.2d at 558; see
Viveros, 828 S.W.2d at 4. 








In the present case, the record does not show Vega, or any of
his passengers, committed an actual violation of the law.  Therefore, the State must show the initial
detainment was made due to a reasonable suspicion of criminal activity.  See Terry, 392 U.S. at 30.  According to the record, Vega and his passengers
were driving through the parking lot and subsequently parked the vehicle in
order to talk to some people in another car. 
Detective Hernandez testified that he thought Vega was acting suspicious
because he was driving through the aisles of the parking lot, and a passenger
had what might have been a police scanner in his hands.  However, the trial judge made no such
findings of fact after the suppression hearing. 
See Guzman, 955 S.W.2d at 89.  Further, there is nothing in the record
showing the State attempted to introduce a confiscated scanner into evidence to
show there was a reasonable suspicion Vega and his passengers were likely to
attempt an auto theft in the parking lot. 
See Garza, 771 S.W.2d at 558.  There was nothing in Vega=s actions which
would raise a reasonable suspicion in an officer that Vega was a possible
criminal instead of a law abiding citizen. 
See id.; see also Davis, 947 S.W.2d at 242-44. 








The State failed to carry its burden, see Russell, 717
S.W.2d at 9-10, to show Vega=s actions were
out of the ordinary and indicative of the possible occurrence of a crime.  See Garza, 771
S.W.2d at 558.  Furthermore, since
the initial detainment of Vega and his passengers was unlawful, the State=s argument that
the protective search performed on Vega was reasonable is incorrect.  See Viveros, 828
S.W.2d at 4; Espericueta, 838 S.W.2d at 882.  We therefore find the State had neither
probable cause, see McVickers, 874 S.W.2d at 664, nor reasonable
suspicion to stop and detain Vega.  See
Terry, 392 U.S. at 30.  The court did
not abuse its discretion in granting Vega=s motion to
suppress.  See Ford, 26 S.W.2d at 672.  The
State=s sole point of
error is overruled.

Accordingly, we affirm the trial court=s order
granting Vega=s motion to
suppress.    

 

NELDA V. RODRIGUEZ

Justice

 

Do not publish.

Tex. R. App. P. 47.3.

 

Opinion delivered and filed

this 27th day of June,
2002.

 











[1]Vega
filed a motion to suppress evidence obtained after he was detained by police
officers in a shopping center parking lot.